IN THE SUPERIOR COURT OF GUAM

THE VANDEVELD LAW OFFICE, P.C.    )        CIVIL CASE NO. CV1603-09
                                  )
                       Plaintiff,)
              vs.                 )        **DECISION AND ORDER**
                                  )
CYFRED, LTD.,                     )
                      Defendants.)
_____)

This matter came on for hearing on October 3, 2012, before the HONORABLE SENIOR PRO TEMPORE JUDGE ELIZABETH BARRETT-ANDERSON on Motion to Intervene filed by Sontag Martin, Sino Anis, Martin Rayond, Stanley Yantag, Kini B. Sananap, and Iowana M. Sananap, collectively "Movants." Also heard was Plaintiff's Motion to Strike Motion to Intervene. Plaintiff appeared and was represented by Attorney Curtis C. Vandeveld. Defendant, Cyfred Ltd. ("Cyfred") did not appear. Appearing on behalf of Movants was Attorney Wayson W. S. Wong, Esq. Having considered the oral arguments and briefs here this Court **DENIES** Movants' motion, and **GRANTS** Plaintiff's request to strike.

## I.

## PROCEDURAL BACKGROUND

This case was filed on October 21, 2009, seeking a judgment on an account stated between the parties for legal services rendered "...as said fess are more particularly described in that Submission of Attorneys Fess Billing to Defendant Cyfred, Ltd. Other Then the Fees Charged on Count II Declaration filed in *Sananap et. al v. Cyfred, Ltd.,* Superior Court of Guam Civil Case No 1448-02 on October 14, 2008 ('Submission')."[1] Concurrent with the filing of this case, Cyfred, through its (Francis Gill CORPORATION) executed a Confession of Judgment in

favor of Plaintiff in the amount of $826,504.50. On November 5, 2009, the Court entered Judgment. Writs of Execution were issued on March 29, 2010 and August 4, 2010.

On October 21, 2010, a Marshal Sale was conducted on certain personal property of Cyfred consisting of contracts and notes on various pieces of real property located within the development known as the Gill-Baza Subdivision, belonging to Cyfred. Francis Gill ("Gill") appeared at the Marshal Sale and bid at execution the highest amount of $11.00, which sum was accepted by Plaintiff's representative. A Certificate of Marshal Sale, dated November 20, 2010 transferring all rights and title to said personal property to Gill was entered.

On January 13, 2011 a second Marshal Sale was conducted on personal property of Cyfred consisting of contracts, notes, reversionary or residue rights the company owned as judgment debtor in *Sananap et. al v. Cyfred, Ltd.*, Superior Court of Guam Civil Case No 1448-02, as referred to therein as "Execution Property." Once again Gill was the sole bidder at the sale for $10.00, and a Certificate of Marshal Sale was filed transferring all rights and title to said personal property to Gill on February 1, 2011.

On February 16, 2011, the Court issued a Third Writ of Execution. Plaintiff applied to the Marshal to execute on certain real property located in the Gill Baza Subdivision,[2] however, no further action was taken by the Marshal on the application. A request for a Fourth Writ of Execution was filed on April 20, 2011, with no action taken. Movants filed a motion to intervene on April 21, 2011, and Plaintiff moved to strike. The matter was removed from the Master Case Calendar and assigned to this Court on February 2, 2012.

---

[1] There was no attachment to the Complaint other than this reference.

## DISCUSSION

Plaintiff and Movants are competing judgment creditors, each seeking to execute on the assets belonging to Cyfred, Ltd.[3] Movants request to "permanently enjoin plaintiff, The Vandeveld Law Offices, P.C. from executing on the judgment by confession" and to require Plaintiff to "show good cause…why it should be entitled to any further writ of execution.[4]"

Movants are competing judgment creditors who wish to prohibit further rights of Plaintiff to execute upon its own judgment. In support of their petition for intervention Movants cite Guam Rules of Civil Procedure Rule 19, and their complaint for fraud against Plaintiff in *Sontag Martin et al. v. Francis Gill et al.* CV 706-11 (2011).[5] Neither is a proper procedural basis to *intervene* in a post-judgment proceeding.

The standard for granting a post judgment motion to intervene is found in Guam Rules of Civil Procure R. 24(a). Intervention by Right permits, upon timely application, anyone to interview when (1) a statute confers an unconditional right to intervene; or (2) the applicant claims an interest relating to the property or transaction which is the subject of the action and the application is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest in adequately represented by existing parties. An applicant must comport to four criteria: "(1) the motion to intervene must be timely; (2) the applicant must have a significant protectable interest

---

[2] Parcel 1, Tract #63004; and Parcel 2, Tract #94002.

[3] The Court is informed that Defendant sought relief in bankruptcy. Plaintiff's judgment was not entertained by the Bankruptcy Trustee.

[4] Defendants' Motion For Leave to Intervene; Exhibit "A"; Declaration of Wayson W.S. Wong; Exhibit "1" Certificate of Service, April 21, 2011. Guam Rules of Civil Procedure (GRCP) Rule 19 or 20.

[5] Intervenors have sued Plaintiff and Defendant for several counts of fraud involving their actions in obtaining the Confession of Judgment, and the subsequent Marshal Sales rendered in accordance with the various Writs. This civil case is presently assigned to another court, and is still pending.

regarding the property or transaction that is the subject of the suit; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impeded the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by an existing party.[6]" These factors should be construed liberally in favor of the proposed intervener.[7]

While Movant's request may still be timely,[8] Movants have failed to articulate that they have a significant protectable interest. A "significant protectable interest," exists when: "(1) "the interest [asserted] is protectable under some law" and (2) there is a relationship between the legally protected interest and the claims at issue.[9]" Movants assert that they have "superior rights and interests to obtain the Cyfred property that the Vandeveld Law Office is trying to obtain in this case; and without their presence in this case, they cannot fully protect those rights and interests." Yet, Movants fail to provide any law that their interests are protected, let alone superiority of those of Plaintiff. Movants do not even articulate which of the lots they have proprietary interests.

A movant must be in a position where "the disposition of the action may as a practical matter impair or impede its ability to protect [its] interests.[10]" In *Limtiaco*, The Supreme Court of Guam required a finding that Movant's remedies are impaired or impeded by not allowing

[6] *Limtiaco* v. *Camacho (Guam Music Inc.)*, 2009 Guam 7 ¶10 (*citing Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *League of United Latin Am. Citizens*, 131 F.3d 1297, 1302 (9th Cir. 1997); *Northwest Forest Res. Counsel v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)).

[7] *Cho & Tumon Partners (Shin proposed intervener)*, 2009 Guam 21 ¶ 28. *Limtiaco* v. *Camacho (Guam Music Inc.)*; 2009 Guam 7 ¶10 (*citing United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)).

[8] The Court considers three factors: "(1) the stage of the proceedings at the time the applicant seeks to intervene; (2) the prejudice to the other parties if the motion is granted; and (3) the reason for length of the delay. Movants filed their request to intervene one (1) day after plaintiff's request for the Fourth Writ of Execution. The length of Movants delay is reasonable. *Limtiaco* v. *Camacho (Guam Music Inc.)*; 124 F.3d 1050, 1061-62 (9th Cir. 1997) (intervention sought several years after filing and three months after decision).

[9] *Limtiaco v. Camacho*, 2009 Guam 7 ¶27.

[10] *Limtiaco v. Camacho*, 2009 Guam 7¶32 (*citing Sierra Club*, 995 F.2d at 1481' ER, tab 27 at 5 n.3 (D& O).

intervention.[11] Movants remedy is protected in their direct attack by complaint. *Martin, et. al. v. Gill, et al.,* Guam Superior Court CV 0706-11. Denying intervention would not impede the Movant's ability to seek direct relief in their complaint.

Lastly, Movants fail to articulate how their interests are inadequately represented. Inadequate representation is assessed by reviewing the following factors: "(1) "whether the interest of a present party is such that it will undoubtedly make all of the intervener's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the intervener would offer any necessary elements to the proceedings that other parties would neglect.[12]" Movants do not argue that the parties will fail to make additional arguments, are unwilling to make said arguments, or that Movants would offer necessary elements.

## III.

## CONCLUSION

Movants have simply failed to adequately articulate the grounds to intervene. Movants stand on equal grounds as Plaintiff, with no less or superior claims to enforcement as judgment creditors. Claims of fraud are not appropriate by way of post-judgment intervention.

For the foregoing reasons the Court **DENIES** Movants' motion to intervene, and **GRANTS** Plaintiff's request to strike.

**IT IS SO ORDERED** this day of _____ NOV 2 6 2012 2012.

HONORABLE ELIZABETH BARRETT- ANDERSON
Senior Judge Pro Tempore, Superior Court of Guam

---

[11] *See Sierra Club,* 995n F.2d at 1486.
[12] *Limtiaco v. Camacho,* 2009 Guam 7 ¶35 (*citing Cal v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986).